UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEROME BAILEY,                )
                              )
        Plaintiff,             )
                              )
    v.                         )    Case No. 13-cv-917 (RJL)
                              )
CITIMORTGAGE, INC.,            )
                              )
        Defendant.             )

**MEMORANDUM OPINION**
(January 13, 2014) [Dkt. #4]

Plaintiff Jerome Bailey ("plaintiff" or "Bailey") brings this case against CitiMortgage, Inc. ("defendant" or "CMI"), seeking specific performance of a real estate contract. *See generally* Compl. (attached as Ex. 3 to Notice of Removal) [Dkt. #1-3]. Originally filed in DC Superior Court, defendant removed the case to federal court, *see* Notice of Removal [Dkt. #1], and then moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted, *see* CMI's Mot. to Dismiss [Dkt. #4]; Statement of P. & A. in Supp. of CitiMortgage, Inc.'s Mot. to Dismiss ("Def.'s P. & A.") [Dkt. #4-1]. Upon consideration of the parties' pleadings, relevant law, and the entire record therein, the motion is GRANTED.

## BACKGROUND

The parties entered a contract on December 2, 2011,[1] whereby plaintiff agreed to

---

[1] In his complaint, plaintiff misstates the contract date as "August 6, 2012." Compl. ¶ 4. Fortunately, I can consider the contract itself—without converting this motion to dismiss into a motion for summary judgment—because it is "incorporated in the complaint," *E.E.O.C. v. St.*

purchase property located at 2921 Nelson Place, SE, Washington, DC, for $165,000, with a settlement date of January 5, 2012. *See* Regional Sales Contract ("Contract") (attached as Ex. 1 to Notice of Removal) ¶¶ 1, 6 [Dkt. #1-1]. Plaintiff delivered a $5,000 deposit, which was to be credited toward the purchase price. *See id.* ¶ 4. The contract required that "[f]ee simple title to the Property, and everything that conveys with it, will be sold free of liens except for any loans assumed by Purchaser. Title is to be good and marketable . . . ." *Id.* ¶ 19. If a title report and survey could not be obtained within ten days after the settlement date, CMI had the option of terminating the agreement and returning Bailey's deposit. *See id.* ("The title report and survey, if required, will be ordered promptly and, if not available on the Settlement Date, then Settlement may be delayed for up to 10 business days to obtain the title report and survey after which *this Contract, at the option of Seller, may be terminated and the Deposit will be refunded in full to Purchaser* according to the terms of the DEPOSIT paragraph." (emphasis added)).

On January 6, 2012, the parties entered an addendum to the contract, under which the closing date was extended to March 27, 2012, with a provision that "if either party fails to close by the Closing Date, the non-defaulting party shall be entitled to exercise the remedies provided for in this Addendum," including Bailey's right to extend the closing date by paying "an extension fee payable in good funds in the sum of $100.00 for each

---

*Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997), and is a "document[] upon which the plaintiff's complaint necessarily relies," *Hinton v. Corrections Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal quotation marks omitted).

day of the requested extension." Counter Offer/Addendum ("Addendum") (attached as Ex. 1 to Notice of Removal at pp. 24–33) ¶ 1. In the event of a breach or default by CMI, Bailey was "entitled to a return of any earnest money as [his] sole and exclusive remedy and to a cancellation of the Contract." *Id.* ¶ 13; *see also id.* ¶ 16 ("**LIMITATION OF DAMAGES**. Buyer agrees that its *sole and exclusive remedy* in the event of any Seller default is to terminate this Contract and to receive the *return of any earnest money*." (emphases added)). If CMI defaulted after Bailey paid to extend the closing date, Bailey also would be entitled to the return of his $100 per day fee. *See id.* ¶ 1.

March 27, 2012 came and went, and the closing did not take place because, according to Bailey, "[a] defect existed in Seller's title to the Property." Compl. ¶ 6. Plaintiff contends that the defect "has now been remedied; however, Defendant refuses to perform under the Contract." *Id.* Conversely, plaintiff was "[a]t all times . . . ready, willing, and able to perform under the Contract," *id.* ¶ 7, and he asks the Court to order specific performance, *see id.* ¶ 12. CMI moves to dismiss for failure to state a claim. *See* Mot. to Dismiss at 1.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The Court must "treat the complaint's factual allegations as true" and "grant plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal quotation marks omitted). But "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ANALYSIS

CMI acknowledges that it did not sell Bailey the property located at 2921 Nelson Place, SE, Washington, DC on or by March 27, 2012, *see* Def.'s P. & A. at 6–8 (arguing CMI was not obligated to sell), and as a result, it is willing to return Bailey's $5,000 deposit, *see id.* at 8 n.4. Regardless of whose fault it was that the title was defective or that the sale did not occur, return of that deposit is plaintiff's only remedy under the clear terms of the contract and addendum. *See* Contract ¶ 19; Addendum ¶¶ 13, 16.[2]

For the first time in his opposition brief, plaintiff contends that the addendum is

---

[2] Bailey's complaint does not ask for a $5,000 judgment, nor has Bailey moved for judgment.

unenforceable because it was "an adhesion contract forced upon Mr. Bailey by the Lender," and because the parties' "bargaining power was so unequal that Mr. Bailey was deprived of a meaningful choice of contract terms if he wanted to purchase the Property." Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") at 5 [Dkt. #8]. Of course, this is entirely inconsistent with plaintiff's own complaint, which embraces the addendum's March 27, 2012 settlement date, *see* Compl. ¶ 5, not the January 5, 2012 date in the original contract, *see* Contract ¶ 6. Now confronted with the explicit provisions in the addendum that limit his damages to the return of his deposit, plaintiff claims that those paragraphs "may be deemed to be void and stricken from the contract at issue" because they are "incredibly one-sided and borne of [the parties'] unequal bargaining power." Pl.'s Opp'n at 1, 5. Plaintiff offers absolutely no factual support for this position, however, relying instead on the few vague conclusory statements that I have quoted above.

Even if plaintiff offered more fulsome support for his position, I would still find that the addendum is not an unenforceable adhesion contract as a matter of D.C. law.[3] "[A]dhesion contracts are enforceable unless unconscionable," and "[t]o establish unconscionability, [a] plaintiff[] must prove both that [he] lacked a meaningful choice *and* that the terms of the contract were unreasonably favorable to the other party." *Olle v. 5401 W. Ave. Residential, LLC*, 569 F. Supp. 2d 141, 146 (D.D.C. 2008) (emphasis added); *Urban Invs., Inc. v. Branham*, 464 A.2d 93, 99 (D.C. 1983) ("Usually, the party

---

[3] The property at issue is located in the District of Columbia, so D.C. law governs my

seeking to avoid the contract must prove *both elements* . . . ." (emphasis added)); *see also Curtis v. Gordon*, 980 A.2d 1238, 1244 (D.C. 2009) ("The court determines unconscionability as a matter of law." (internal quotation marks omitted)). The addendum meets neither of these requirements.

First, plaintiff initialed every page, indicating that he read the agreement. *See generally* Addendum (at the top of each page: "*THIS IS INTENDED TO BE A LEGALLY BINDING AGREEMENT. READ IT CAREFULLY.*"). He also agreed that he "HAS KNOWLEDGE AND EXPERIENCE IN FINANCIAL AND BUSINESS MATTERS THAT ENABLE[D] [HIM] TO EVALUATE THE MERIT AND RISKS OF THE TRANSACTION CONTEMPLATED." *Id.* ¶ 5. The addendum also warned: "This is a legally binding contract. READ IT CAREFULLY. If you do not understand the effect of this contract, consult your attorney BEFORE signing." *Id.* ¶ 22. Having read, initialed, and accepted these terms, plaintiff "cannot now claim that he lacked meaningful choice" when he agreed to limit his potential recovery to the return of his deposit. *Curtis*, 980 A.2d at 1244.

Nor is the addendum unreasonably favorable to defendant. If CMI returns plaintiff's $5,000, that will restore the parties to their pre-contract positions—an outcome that is perfectly reasonable on its face. Further, I find it especially telling that Bailey makes no argument that the original contract was unconscionable, and it too contains a

---

interpretation of the contract. *See* Contract at 10 ¶ 35.

provision limiting his potential recovery to return of his deposit, in the event that a title report and survey could not be obtained for any reason. *See* Contract ¶ 19. If that clause is reasonable—and plaintiff does not argue to the contrary—then as a matter of law, the similar provisions in the addendum must be reasonable as well.

Accordingly, I find that the addendum's limitation-on-damages provisions are enforceable. Plaintiff thus has not—and based on the contract language clearly *cannot*—plead facts sufficient to state a plausible claim for specific performance.[4]

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [Dkt. #4] is hereby GRANTED. An appropriate order shall accompany this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[4] Whether Bailey paid the $100 per day extension fee is irrelevant because that clause too limits his recovery in the event of CMI's default to return of the deposit and any fees paid. *See* Addendum ¶ 1.

7